# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANDRE TERRELL,

        Petitioner,      :   Case No. 3:19-cv-061

- vs -                            District Judge Walter H. Rice
                                   Magistrate Judge Michael R. Merz

ED SHELDON, Warden,
  Mansfield Correctional Institution

        Respondent.

# REPORT AND RECOMMENDATIONS

In this habeas corpus action under 28 U.S.C. § 2254, Petitioner Andre Terrell, with the assistance of counsel, seeks relief from his convictions on three drug-related charges in the Clark County Court of Common Pleas. The case is ripe for decision on the Petition (ECF No. 1), the Amended State Court Record (ECF No. 6), the Return of Writ (ECF No. 7), and Petitioner's Reply (ECF No. 8).

**Litigation History**

Petitioner was indicted by the Clark County grand jury on August 4, 2015, on one count of Trafficking in Cocaine in violation of Ohio Revised Code §2925.03(A)(2) (Count 1), one count of Possession of Cocaine in violation of Ohio Revised Code §2925.11(A) (Count 2), and one count of Aggravated Possession of Drugs in violation of Ohio Revised Code §2925.11(A) (Count 3). After his motion to suppress was denied, Terrell was convicted by a jury on all counts. The trial

1

court merged Counts 1 and 2 and imposed an aggregate sentence of twelve years. The Second District Court of Appeals affirmed. *State v. Terrell*, 2017-Ohio-7097 (Ohio App. 2nd Dist. Aug. 4, 2017), appellate jurisdiction declined, 2018-Ohio-500. Terrell filed his Petition here on February 28, 2019, pleading the following single ground for relief:

> **GROUND ONE:** The search warrant for Terrell's hotel room was facially deficient because it was overly broad and lacked sufficient particularity, and the exclusionary rule should be applied.

(Petition, ECF No. 1, PageID 5.)

The Magistrate Judge interprets the First Ground for Relief as raising solely a claim under the Fourth Amendment to the United States Constitution. Any claim under the Ohio Constitution's parallel provision, which Petitioner expressly disclaims making (Reply, ECF No. 8, PageID 752-53), would not be cognizable in federal habeas. 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209, 221 (1982), *Barclay v. Florida*, 463 U.S. 939, 957-58 (1983).

Respondent argues the Court is barred from reaching the merits of Petitioner's claim by *Stone v. Powell*, 428 U.S. 465 (1976), where the Court decided federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an "unanticipated and unforeseeable application of a procedural rule . . . prevents state court consideration of merits." *Riley v. Gray*, 674 F.2d 522, 527 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

2

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id.* at 526.

In *Good v. Berghuis*, 729 F.3d 636 (6th Cir. 2013), the Sixth Circuit held an evidentiary hearing was not required by due process and followed its prior conclusion that "opportunity means opportunity . . . . [T]he state court need do no more than 'take cognizance of the constitutional claim and render a decision in light thereof.'" *Id.* at 638, *quoting Moore v. Cowan*, 560 F.2d 1298, 1302 (6th Cir. 1977).

> Consistent with *Moore* and with two of the three votes in *Bradley*, we make clear that the *Powell* "opportunity for full and fair consideration" means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim.

*Good*, 729 F3d at 639-40.

Terrell asserts that *Stone* and its Sixth Circuit progeny do not prevent merit consideration of his Fourth Amendment claim:

> In the matter at bar, Terrell argues that such an exception [as recognized in *Riley*] should be applied because his claims that the search warrant at issue in his case was overly broad and lacking in particularity were not addressed by any Ohio court, even though the arguments were presented. The trial court made no findings regarding the breadth or particularity of the search warrant, the Second District Court of Appeals improperly found the arguments to be waived, and the Ohio Supreme Court declined to accept

3

jurisdiction. The Second District's decision that the arguments were
waived was based on an improper application of a procedural bar
which does not actually exist in Ohio.

(Reply, ECF No. 8, PageID 754.)

The Motion to Suppress as filed complained of a warrantless search and seizure (State Court Record, Motion, ECF No. 6, Ex. 3, PageID 390). A warrantless search of Defendant's vehicle yielded two containers of marijuana. With his consent, allegedly under duress, officers searched Defendant's person and found marijuana and another substance suspected of being methamphetamine, although Defendant claimed it was "bath salts." *Id.* at PageID 391-92. Defendant stated he did not have a room at the Marriott, but was meeting a female there. Defendant then asked the trial court "to suppress the initial search by officers as well as the evidence obtained during the search and seizure of Defendant by police." *Id.* at PageID 393. He also sought to suppress statements he made to the officers on Fifth and Sixth Amendment grounds. Eventually, at page thirteen of the motion, he raised a claim that the search warrant was not supported by probable cause. *Id.* at 402-08. The Motion does not attack the warrant for lack of particularity or overbreadth.

The motion to suppress was set for hearing on October 2, 2015. Judge Rastatter, the judge who issued the search warrant, recused himself from the portions of the motion directed to the warrant and those portions were transferred to Judge O'Neill. The Entry overruling the Motion as to those portions recites that

> The parties agreed that the issue before the Court was whether the
> search warrant issued by Judge Rastatter on April 1, 2015 is based
> upon sufficient information as set forth in the affidavit establishing
> probable cause for the law enforcement officers to search the
> defendant's hotel room, #623, at the Courtyard by Marriott, and 100
> S. Fountain, Springfield, Clark County, Ohio, for evidence of drug
> possession and trafficking. To that end the State presented Exhibit
> 1, a copy of the search warrant in the accompanying affidavit. The

> parties agreed to submit the issue to the Court based upon Exhibit 1
> and the written and oral arguments of counsel.

(State Court Record, ECF No. 6, PageID 430.) After a two-day jury trial, Terrell was convicted and sentenced to an aggregate of twelve years imprisonment. *Id.* at Ex. 8. He appealed and the convictions were affirmed. *State v. Terrell*, 2017-Ohio-7097 (2nd Dist. Aug. 4, 2017), appellate jurisdiction declined, 2018-Ohio-723 (2018).

Judge Donovan for the Second District wrote a long opinion reciting at length the testimony given at the motion to suppress hearings. Ultimately the appellate court concluded the warrant was supported by sufficient probable cause and overruled Terrell's First Assignment of Error which argued to the contrary.

Terrell's Second Assignment of Error raised the claim he makes in his Petition here. The Second District decided it as follows:

> [*P63] Terrell's second assignment of error is as follows:
>
>> THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS WHEN THE WARRANT WAS SO LACKING IN PARTICULARITY AS TO BE FACIALLY DEFICIENT, AND THE EXECUTING OFFICERS FLAGRANTLY DISREGARDED THE LIMITATIONS THE WARRANT DID CONTAIN.
>
> [*P64] Terrell asserts that the warrant lacks particularity, and that our standard of review is de novo. Terrell notes that "specifically the warrant states that the police should seize, items showing an ownership or possessory interest in the residence and any items located therein." He further argues that the "warrant states that the contents of cell phones subject to seizure include 'contact lists, text messages, call history, photographs, videos, application data, location data, and other documents and data.'" According to Terrell, "the warrant gave the officers carte blanche to seize whatever they might think incriminating or useful to them." Terrell directs our attention to the trial testimony of Detective Scott Curnutte, whose "statement that he was searching for anything that might be interesting explicitly shows that the officers executing the search

warrant were in no way limited by the express terms in the warrant, and that he arrived at Room 623 with the intent to participate in the type of 'general rummaging' and exploratory search expressly prohibited by the Fourth Amendment."

[*P65] Finally, again citing the trial transcript, Terrell asserts that the "officers executing the search warrant seized a candle warmer, a coffee cup, a bottle of Patron tequila, the box the bottle of Patron came in, several glasses, empty Kroger shopping bags, and wrist watch * * *. None of these items have any possible relation to drug trafficking."

[*P66] Regarding the particularity of the warrant, as noted in [*State v.*] *Castagnola*[, 145 Ohio St. 3d 1, 2015-Ohio-1565 (2015)]:

> Courts addressing the particularity requirement of the Fourth Amendment are concerned with two issues. The first issue is whether the warrant provides sufficient information to "guide and control" the judgment of the executing officers in what to seize. *United States v. Upham*, 168 F.3d 532, 535 (1st Cir.1999). The second issue is whether the category as specified is too broad in that it includes items that should not be seized. See *United States v. Kow*, 58 F.3d 423, 427 (9th Cir. 1995).

*Id.*, at ¶ 79. "Catchall provisions of warrants also 'must be read in conjunction with the list of particularly described items which preceded it pertaining to the crimes alleged. * * * '". *State v. Hale*, 2d Dist. Montgomery No. 23582, 2010-Ohio-2389, ¶ 43 (citation omitted)[internal quotation marks omitted].

[*P67] We note that Terrell did not raise the particularity of the warrant or the scope of the search before the trial court. The only issue before the trial court at the hearing on November 9, 2015, and the only issue the court addressed, was whether there was sufficientprobable cause to support the issuance of the warrant. We conclude that Terrell waived all but plain error as to the issues that he now asserts by failing to raise them in the trial court. *State v. Zwick*, 2d Dist. Miami No. 2013 CA 4, 2014-Ohio-230, ¶ 18. ("In his motion to suppress, Zwick challenged the issuance of the search warrants, not whether the seizure of items pursuant to the warrants exceeded the scope of the warrants. Because Zwick failed to raise the scope of the warrants in the trial court, he has waived all but plain error on that issue.")

> [*P68] The portions of the warrant referring to the contents of cell phones and "any" items located in Terrell's hotel room must be read in conjunction with the list of particularly described items before them in the warrant. When the listed items, namely "[h]eroin, cocaine, marijuana, controlled substance analogs, drug paraphernalia, items used to transport, package, or prepare drugs for sale, money, financial records of drug trafficking activity,* * *" are properly read in conjunction with the broader, "catchall" provisions regarding the hotel room and the phones, plain error is not demonstrated.
>
> [*P69] Regarding the non-contraband items listed above seized in the course of the search, there was no evidence before the trial court regarding any items seized. As noted above, in addressing the trial court's decision on the motion to suppress, we will not consider the testimony adduced at trial. Plain error is not demonstrated, and for the foregoing reasons, Terrell's second assignment of error is overruled.

*State v. Terrell*, 2017-Ohio-7097.

It is this portion of the Second District's opinion that Terrell criticizes as applying to him "a procedural bar which does not actually exist in Ohio." (Reply, ECF No. 8, PageID 754.) He does not deny that he failed to raise the overbreadth and particularity issues in the trial court. Although he does not make it explicitly, his claim seems to be that he should have been able to present that claim de novo in the Court of Appeals, having failed to present it to the trial court. He also offers no Ohio law for the proposition that one may raise on appeal an issue not presented to the trial court.

It certainly is the general rule in American jurisprudence that a person may not raise on appeal issues not raised in the court below. *Singleton v. Wulff*, 428 U.S. 106, 120 (1976); *Ralph Schrader, Inc., v. Diamond International Corp.*, 833 F.2d 1210, 1214 (6th Cir. 1987); *Girl Scouts of Middle Tenn., Inc. v. Girl Scouts of the U.S.A.*, 770 F.3d 414, 427 (6th Cir. 2014). The [Ohio] Supreme Court will not ordinarily consider a claim of error that was not raised in any way in the Court of Appeals and was not considered or decided by that court. *State v. Williams*, 51 Ohio St.

2d 112 (1977)(paragraph two of the syllabus)(death sentence vacated and case remanded to the Ohio Supreme Court after *Lockett v. Ohio*, 438 U.S. 586 (1978)). This explicitly includes constitutional questions. *State v. Phillips*, 27 Ohio St. 2d 294 (1971).

Of course, the Second District did not refuse to consider this issue altogether. Instead, because it had not been raised in the trial court, it considered the claim for plain error. Ohio has a procedural rule that permits consideration of plain error, Ohio R. Crim. P. 52. An Ohio state appellate court's review for plain error is enforcement, not waiver, of a procedural default, such as failing to raise a claim in the trial court. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell*, 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell*, 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle*, 271 F.3d 239 (6th Cir. 2001), citing *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003).

The Court in this case is not considering a straight procedural default affirmative defense by Respondent. Instead, Respondent rests on *Stone v. Powell, supra*. But nothing cited by Petitioner suggests that a state rule requiring Fourth Amendment issues to be raised in the first instance in a motion to suppress in the trial court would make the state court process inadequate under *Stone* or *Riley v. Gray, supra*. Petitioner's counsel, who have represented him since the case started in the trial court, can hardly claim surprise that the Court of Appeals would enforce a rule requiring suppression issues to be raised in the first instance in the trial court; as noted above, that is a perfectly common limitation on appellate practice. In sum, nothing in *Stone* or its progeny requires a state to waive its usual limitations on appellate issues and entertain a Fourth Amendment claim on appeal that was not raised in the trial court.

## Conclusion

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice as required by *Stone*. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 11, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).