# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANDRE TERRELL,

               Petitioner,        :        Case No. 3:19-cv-061

   - vs -                                 District Judge Walter H. Rice
                                      Magistrate Judge Michael R. Merz

ED SHELDON, Warden,
  Mansfield Correctional Institution

                                     :

               Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought by petitioner with the assistance of counsel, is before the Court on Petitioner's Objections (ECF No. 11) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 9). District Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 12).

Terrell pleads one ground for relief under the Fourth Amendment:

> **GROUND ONE:** The search warrant for Terrell's hotel room was facially deficient because it was overly broad and lacked sufficient particularity, and the exclusionary rule should be applied.

(Petition, ECF No. 1, PageID 5.)

The Warden argued that merits review of this claim in habeas was barred by the doctrine of *Stone v. Powell*, 428 U.S. 465 (1976), as applied in the Sixth Circuit in *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982) (Return of Writ, ECF No. 7, PageID 748, quoting *Stone*, 428 U.S. at 493, 494; *Riley*, 674 F.2d at 527.). The Report accepted that argument and concluded merits review was precluded by *Stone* (ECF No. 9, PageID 765).

1

Terrell had raised his scope and particularity claim, the claim he makes here, as his second assignment of error on direct appeal. The Ohio Second District Court of Appeals reviewed this claim only for plain error because it had not been raised in the trial court and affirmed. *State v. Terrell*, 2nd Dist. Clark No. 2016-CA-32, 2017-Ohio-7097, 95 N.E.3d 870, ¶ 67 (Aug. 4, 2017), appellate jurisdiction declined, 2018-Ohio-723 (2018).

In his Objections, Terrell argues that this holding of the Second District "applied a procedural bar that does not exist in Ohio" law and which therefore was an "unanticipated and unforeseeable application of a procedural rule which prevent[ed] state court consideration of the merits of the claim," bringing the Petition within an exception to *Stone* (ECF No. 11, PageID 773, 774, quoting *Riley,* 674 F.2d at 527). Terrell asserts this procedural bar was unanticipated because of the Supreme Court of Ohio's decision in *State v. Castagnola*, 145 Ohio St. 3d 1, 2015-Ohio-1565, ¶¶ 106-08. The *Castagnola* Court held that "[w]hen an issue of law that was not argued below is implicit in another issue that was argued and is presented by an appeal, we may consider and resolve that implicit issue." *Id*. at ¶ 67 (brackets in original) (internal quotation marks and citation omitted). Terrell asserts the *Castagnola* decision is "central to [his] arguments in his Petition." (Objections, ECF No. 11, PageID 773).

The Second District was certainly aware of *Castagnola*, quoting that decision in its own opinion. *Terrell*, 2017-Ohio-7097, at ¶ 66, quoting *Castagnola*, 2015-Ohio-1565, at ¶ 79. It did not discuss any portion of *Castagnola* which according to Terrell allowed it to consider *de novo* any particularity or scope argument raised for the first time on appeal. Instead, as precedent for applying only plain error review, it cited its own precedent. *Id*. at ¶ 67, quoting *State v. Zwick,* 2nd Dist. Miami No. 2013 CA 4, 2014-Ohio-230, ¶ 18 (2nd Dist. 2014).

A careful reading of *Castagnola* shows that it does not support Petitioner's position for the following reasons:

First, unlike Petitioner here, Castagnola argued lack of particularity in both the trial and appellate courts. 2015-Ohio-1565, at ¶ 69. Terrell made that argument only on appeal.

Second, the Supreme Court of Ohio did not adopt a **general** rule that particularity could be raised on appeal when it was omitted in the court below; instead, it held that it "may" in a particular case consider "an issue of law that was not argued below [when that issue] is implicit in another issue that was argued and is presented by an appeal [to the Supreme Court]." *Id*. at ¶ 67 (internal quotation marks and citation omitted). As is well established, the jurisdiction of the Supreme Court of Ohio is almost entirely discretionary[1]. The fact that it chooses to exercise that discretion to decide an issue presented but not decided below does not imply that courts of appeal are free to do that.

Furthermore, Terrell did not cite *Castagnola* to the Second District for the proposition for which he relies on it here, but for its principal holding on probable cause.

In terms of whether the Second District's procedural holding was or should have been unanticipated, Terrell does not deal with *Zwick*, 2014-Ohio-230 (2nd Dist. 2014), in which the Second District, three years before deciding Terrell's appeal, had plainly held that the when a particularity issue was not raised in a motion to suppress, the defendant waived all but plain error review. 2014-Ohio-230, at at ¶ 17, quoting *State v. Demus,* 192 Ohio App. 3d 181, 2011-Ohio-124, ¶¶ 13-14 (2nd Dist.). Given this well-established precedent, Terrell should have anticipated that his particularity issue, omitted from the motion to suppress, would receive only plain error review on appeal.

---

[1] The major exceptions are appeals in capital cases and in cases that originate in the courts of appeals.

Finally, Terrell cites no authority for the proposition that plain error review does not satisfy *Stone*. In *Good v. Berghuis*, 729 F.3d 636 (6th Cir. 2013), the Sixth Circuit held an evidentiary hearing was not required by due process and followed its prior conclusion that "opportunity means opportunity . . . the state court need do no more than 'take cognizance of the constitutional claim and render a decision in light thereof." *Id.* at 638, quoting *Moore v. Cowan*, 560 F.2d 1298, 1302 (6th Cir. 1977).

> Consistent with *Moore* and with two of the three votes in *Bradley v. [Cowan*, 561 F.2d 1213 (6th Cir. 1977)], we make clear that the *Powell* "opportunity for full and fair consideration" means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim.

*Id.* at 639-40. Here, Petitioner was given an evidentiary hearing in the trial court, an appropriate mechanism for developing the factual basis of the particularity claim, which is not available in the court of appeals. Terrell does not tell this Court why he did not raise that issue in his motion to suppress. He nevertheless received plain error review of his particularity claim on appeal, albeit unsuccessfully. *Terrell*, 2017-Ohio-7097, at ¶¶ 67-69.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge remains persuaded that the Petition should be dismissed. However, a reasonable jurist could read *Castagnola* more expansively than is recommended above. Therefore, if the Court dismissed the Petition, it should also issue a certificate of appealability on the question whether *Castagnola* required the Second District to provide full review, rather than plain error review, on the

4

particularity issue.

July 3, 2019.

                                                           s/ *Michael R. Merz*
                                                           United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).