# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANDRE TERRELL,

                Petitioner,         :        Case No. 3:19-cv-061

  - vs -                                District Judge Walter H. Rice
                                       Magistrate Judge Michael R. Merz

ED SHELDON, Warden,
  Mansfield Correctional Institution

                Respondent.

# SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought by petitioner with the assistance of counsel, is before the Court on Petitioner's Objections (ECF No. 15) to the Magistrate Judge's Supplemental Report and Recommendations (the "Supplemental Report," ECF No. 13). The Warden has also objected to the Supplemental Report (ECF No. 14) and Terrell has responded to those Objections (ECF No. 17). District Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 16).

Terrell pleads one ground for relief under the Fourth Amendment:

> **GROUND ONE:** The search warrant for Terrell's hotel room was facially deficient because it was overly broad and lacked sufficient particularity, and the exclusionary rule should be applied.

(Petition, ECF No. 1, PageID 5.)

The Warden argued that merits review of this claim in habeas was barred by the doctrine of *Stone v. Powell*, 428 U.S. 465 (1976), as applied in the Sixth Circuit in *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982) (Return of Writ, ECF No. 7, PageID 748, quoting *Stone*, 428 U.S. at 493, 494;

*Riley*, 674 F.2d at 527.). The Report accepted that argument and concluded merits review was precluded by *Stone* (ECF No. 9, PageID 765).

Terrell had raised his scope and particularity claim, the claim he makes here, as his second assignment of error on direct appeal. The Ohio Second District Court of Appeals reviewed this claim only for plain error because it had not been raised in the trial court, and affirmed. *State v. Terrell*, 2nd Dist. Clark No. 2016-CA-32, 2017-Ohio-7097, 95 N.E.3d 870, ¶ 67 (Aug. 4, 2017), appellate jurisdiction declined, 2018-Ohio-723 (2018).

In his First Objections (ECF No. 11), Terrell argued that this holding of the Second District "applied a procedural bar that does not exist in Ohio" law and which therefore was an "unanticipated and unforeseeable application of a procedural rule which prevent[ed] state court consideration of the merits of the claim," bringing the Petition within an exception to *Stone* (ECF No. 11, PageID 773, 774, quoting *Riley,* 674 F.2d at 527). Terrell asserted this procedural bar was unanticipated because of the Supreme Court of Ohio's decision in *State v. Castagnola*, 145 Ohio St. 3d 1, 2015-Ohio-1565, ¶¶ 106-08, which he said was "central to [his] argument in the Petition. The Supplemental Report (ECF No. 13) distinguished *Castagnola* in a number of ways.

Terrell had also argued that plain error review does not satisfy *Stone*. Relying on *Good v. Berghuis*, 729 F.3d 636 (6th Cir. 2013), the Supplemental Report disagreed. The Supplemental Report concluded by again recommending dismissal, but agreeing a certificate of appealability should issue on the breadth of reading of *Castagnola*, to wit, whether that case "required the Second District to provide full review, rather than plain error review, on the particularity issue." (ECF No. 13, PageID 781-82).

2

**Petitioner's Objections on the Merits**

Petitioner objects on the merits, but does not raise issues that were not considered in the Supplemental Report. The Objections offer a careful reading of *Castagnola* that competes with the Magistrate Judge's reading in the Supplemental Report but does not persuade the undersigned that his reading is incorrect.

**The Warden's Objections**

The Warden objects to the Magistrate Judge's recommendation for issuance of a certificate of appealability because, he says, a "state court's application of its own law regarding what is the proper standard of review because 'a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.'" (Warden's Objections, ECF No. 14, PageID 784).

The Warden notes that Terrell did not raise his particularity argument in the trial court and the Second District concluded he had forfeited[1] that claim by not raising it below. The Report and Supplemental Report both found this holding binding on this Court. Furthermore, despite the forefeiture, the Second District reviewed the trial court's motion to suppress decision for plain error and found none. Both Reports found this satisfied *Stone*; the Supplemental Report noted that Terrell had cited no authority to the contrary. Both Reports rejected Terrell's reading of *Castagnola* as well. However, the Magistrate Judge has recommended a certificate of

---

[1] The Second District used the word "waived," but what it actually found was a forfeiture. The Supreme Court noted the importance of the distinction in *Wood v. Milyard*, 566 U.S. 463 (2012), citing *Kontrick v. Ryan*, 540 U.S. 443, 458, n. 13 (2004); *United States v. Olano,* 507 U.S. 725, 733 (1993).

3

appealability on the question whether the process used in Terrell's case satisfies *Stone* if *Castagnola* is read differently.

The Warden argues this is an "interfer[ence] in a matter of state law." Not so. As a matter of Sixth Circuit precedent, Ohio's mechanism for adjudicating Fourth Amendment claims satisfies *Stone v. Powell* in the abstract. *Riley v. Gray,* 674 F.2d 522, 526 (6th Cir. 1982). But there is a second prong to the Riley test: was presentation of the Fourth Amendment claim frustrated by a failure of that mechanism in this case? Whether or not that happened is a question of federal law, not state law.

The Ohio "mechanism" "in the abstract" includes the truism that the Supreme Court of Ohio's precedents should control behavior of the lower courts in Ohio. The Magistrate Judge believes that, correctly read, *Castagnola* does not prescribe a procedure different from what the Second District followed here. But the Magistrate Judge also believes that question is debatable among jurists of reason. If the Sixth Circuit reads *Castagnola* as Petitioner argues, that would imply a failure of the Ohio mechanism in this case because the Second District would not have granted the review Terrell believes is commanded by *Castagnola*. In other words, lower Ohio courts are not authorized to change the Ohio mechanism for deciding Fourth Amendment claims in ways not at least implicitly authorized by Ohio Supreme Court precedent. If they do, as Terrell argues they did in this case, there would be a federal question whether the Ohio mechanism as applied in this case by the Second District caused the mechanism to fail. Again, the Magistrate Judge believes it did not but also believes reasonable jurists could differ.

4

**Conclusion**

The Magistrate Judge continues to adhere to his prior recommendations: The Petition should be dismissed because merits review is barred by *Stone v. Powell*. However, Petitioner should be granted a certificate of appealability on the question whether the Second District's failure to apply *Castagnola* as Petitioner reads it frustrated Terrell's presentation of his Fourth Amendment claims and he is therefore entitled to a merits review of those claims in this Court.

August 1, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).