IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANDRE TERRELL,

    Petitioner,

  v.

ED SHELDON, Warden,
Mansfield Correctional
Institution,

    Respondent.

:
:
:
:

Case No. 3:19-cv-061

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #9), SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #13), AND SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #18); OVERRULING PETITIONER'S OBJECTIONS THERETO (DOCS. ##11, 15, 19); OVERRULING RESPONDENT'S OBJECTIONS TO SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #14); DISMISSING WITH PREJUDICE PETITION UNDER 28 U.S.C.
§ 2254 FOR WRIT OF HABEAS CORPUS (DOC. #1); JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; GRANTING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*; TERMINATION ENTRY

---

    Petitioner Andre Terrell was indicted on drug trafficking charges. The trial court denied his motion to suppress, finding that there was probable cause to support the issuance of a warrant to search his hotel room. Terrell was convicted and sentenced to twelve years.

    On direct appeal, Terrell argued, for the first time, that the warrant lacked particularity and that the search exceeded the scope of the warrant. The Second

District Court of Appeals affirmed the judgment. *State v. Terrell*, 2017-Ohio-7097, 95 N.E.2d 870. Citing *State v. Zwick*, 2014-Ohio-230 (2d Dist.), the appellate court held that, because Terrell failed to raise "the particularity of the warrant or the scope of the search before the trial court," he waived all but plain-error review. *Id.* at ¶67. It found no plain error on the part of the trial court. *Id.* at ¶69. The Ohio Supreme Court declined review. *State v. Terrell*, 2018-Ohio-723, 152 Ohio St. 3d 1409.

In his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Andre Terrell asserts just one ground for relief. He alleges that the "search warrant for Terrell's hotel room was facially deficient because it was overly broad and lacked sufficient particularity, and the exclusionary rule should be applied." Doc. #1, PageID#5. Terrell maintains that nothing prevented the Second District from considering the full merits of his Fourth Amendment claim and that, because the state court did not reach these issues, this Court should.

A.

United States Magistrate Judge Michael R. Merz issued a Report and Recommendations, Doc. #9, recommending that the Petition be dismissed with prejudice, and that Petitioner be denied a Certificate of Appealability and leave to appeal *in forma pauperis.* As he noted, in *Stone v. Powell*, 428 U.S. 465 (1976), the Supreme Court held that, if a state prisoner is given a full and fair opportunity to litigate a Fourth Amendment claim in state court, he "may not be granted

2

federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494. Nevertheless, if an "unanticipated and unforeseeable application of a procedural rule . . . prevents state court consideration on the merits of the claim," thereby frustrating the state mechanism, then habeas relief is available. *Riley v. Gray*, 674 F.2d 522, 527 (6th Cir. 1982).

Terrell argues that the exception set forth in *Riley* applies to his Fourth Amendment claims because Second District's finding that he had waived all but plain-error review was based on "an improper application of a procedural bar which does not actually exist in Ohio." Doc. #8, PageID#754. Magistrate Judge Merz rejected this argument in his Report and Recommendations, Doc. #9, citing the general rule that a person may not raise an issue for the first time on appeal.

Terrell filed Objections to the Report and Recommendations, Doc. #11. Citing *State v. Castagnola*, 145 Ohio St. 3d 1, 2015-Ohio-1565, Terrell argues that because the "particularity" issue is implicit in the "probable cause" determination, his failure to raise the issue in the trial court did not prevent the appellate court from fully considering it.[1] In *Castagnola*, the court stated as follows:

> "[Generally,] this court will not consider arguments that were not raised in the courts below." *Belvedere Condominium Unit Owners'*

---

[1] In *Castagnola*, the central issue was whether an online Internet search that could have been conducted on a cell phone established probable cause to believe that evidence of a crime would be found on the suspect's home computer.

3

> *Assn. v. R.E. Roark Cos., Inc.*, 67 Ohio St.3d 274, 279, 617 N.E.2d 1075 (1993). However, "[w]hen an issue of law that was not argued below is implicit in another issue that was argued and is presented by an appeal, we may consider and resolve that implicit issue." *Id.*
>
> The dissent argues that Castagnola failed to preserve the particularity issue in the court of appeals by focusing on the detective's inference rather than on the warrant's lack of particularity. However, as set forth below, Castagnola argued particularity in both the trial and appellate courts. Furthermore, *State v. Price*, 60 Ohio St.2d 136, 398 N.E.2d 772 (1979), which is cited in the dissent, does not prevent us from considering a proposition of law even if the issue was not raised below. *Price* states, "The Supreme Court will not *ordinarily* consider a claim of error that was not raised in any way in the Court of Appeals and was not considered or decided by that court." (Emphasis added.) Id. at paragraph two of the syllabus."

2015-Ohio-1565, at ¶¶ 67-68.

Terrell argues that *Castagnola* stands for the proposition that the issue of particularity may be raised for the first time on appeal so long as the general issue of probable cause was raised in the trial court. He further argues that *Stone v. Powell* does not bar his claim, because the appellate court's application of a non-existent procedural bar deprived him of a full and fair opportunity to litigate his claim.

The Court recommitted the matter to Magistrate Judge Merz, Doc. #12, who then issued a Supplemental Report and Recommendations, Doc. #13. He found that *Castagnola* did not support Terrell's position for three reasons: (1) unlike Terrell, Castagnola *had* argued particularity in the trial court; (2) the fact that the Ohio Supreme Court chose to exercise its discretion to address Castagnola's particularity claim does not equate to a general rule that an issue can be raised for

4

the first time on appeal; and (3) Terrell did not cite *Castagnola* to the appellate court for the proposition on which he now relies. Doc. #13, PageID#780.

Magistrate Judge Merz also noted that Terrell cited no authority that stands for the proposition that plain-error review does not constitute a full and fair opportunity to present a claim. The Magistrate Judge again recommended that the Court dismiss the Petition with prejudice. He nevertheless recommended that the Court issue a Certificate of Appealability on the question of whether *Castagnola* required the appellate court to provide more than a plain-error review of Terrell's Fourth Amendment claim.

Both parties filed Objections to the Supplemental Report and Recommendations. Respondent objected only to the recommendation that the Court grant a Certificate of Appealability. Doc. #14. Terrell continued to object to the recommendation that his Petition be dismissed with prejudice. Doc. #15. He also filed a Response to Respondent's Objections. Doc. #17. Again, the Court recommitted the matter to Magistrate Judge Merz, Doc. #16, who filed a Second Supplemental Report and Recommendations, Doc. #18, in which he continued to adhere to the recommendations made in the Supplemental Report and Recommendations. Terrell again filed Objections, Doc. #19.

B.

The Court must conduct a *de novo* review of those portions of the Reports and Recommendations to which proper Objections have been filed. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

C.

Based on the reasoning and citations of authority set forth by Magistrate Judge Merz in his Report and Recommendations (Doc. #9), Supplemental Report and Recommendations (Doc. #13), and Second Supplemental Report and Recommendations (Doc. #18), as well as upon a thorough *de novo* review of this Court's authority and the applicable law, the Court ADOPTS said judicial filings to the extent that they recommend dismissal of the Petition with prejudice.

Petitioner's Objections to these portions of the judicial filings are OVERRULED. Ohio provides an adequate mechanism for the resolution of Fourth Amendment claims in that a defendant who files a motion to suppress evidence is given an evidentiary hearing, a direct appeal and discretionary review by the Ohio Supreme Court. *Riley*, 674 F.2d at 526. Here, nothing prevented Terrell from challenging the particularity of the search warrant or the scope of the search. By failing to raise these issues in his motion to suppress, Terrell waived all but a plain error review. *Zwick*, 2014-Ohio-230, at ¶17. Given that he had a full and fair opportunity to litigate his Fourth Amendment claims in state court, those claims are barred by *Stone*.

For the reasons explained by Magistrate Judge Merz, the Court finds that *Castagnola* did not require the Second District to conduct more than a plain-error review of Terrell's belated challenges to the particularity of the search warrant or the scope of the search. *Castagnola* is distinguishable in one crucial aspect. In *Castagnola*, the defendant expressly raised the particularity issue both at the

6

suppression hearing and in his Ninth District appellate brief. *See Castagnola*, 2015-Ohio-1565, at ¶¶68-69. Nevertheless, neither the trial court nor the appellate court addressed this issue in determining whether probable cause existed for the issuance of the search warrant. *Id.* at ¶71. Under this unique set of circumstances, the Ohio Supreme Court rejected the lower courts' probable cause determination and exercised its discretion to examine the issue of particularity in the first instance. *Id.*

Unlike Castagnola, Terrell did *not* raise a particularity argument in the trial court. The only issue before the court at the suppression hearing, and the only issue addressed by the trial court in its decision on the motion to suppress, was "whether there was sufficient probable cause to support the issuance of the warrant." *Terrell*, 2017-Ohio-7097, at ¶67. Accordingly, the Second District concluded that Terrell had waived all but plain-error review. *Id.*

Magistrate Judge Merz properly concluded that, because Terrell had a full and fair opportunity to litigate these claims in state court, the Petition for habeas relief is barred by *Stone.* The Court therefore DISMISSES the Petition, Doc. #1, WITH PREJUDICE.

D.

As previously noted, in his Supplemental Report and Recommendations, Magistrate Judge Merz found that "a reasonable jurist could read *Castagnola* more expansively than is recommended." Doc. #13, PageID#781. He therefore urged the Court to grant a Certificate of Appealability, and leave to appeal *in*

7

*forma pauperis*, on the question of whether, in light of *Castagnola*, the Second District's finding of waiver was an "unanticipated and unforeseeable application of a procedural rule" which prevented the state court from considering the merits of Terrell's claim.

Respondent objected to this portion of the Supplemental Report and Recommendations. Doc. #14. He notes that the Second District, applying *Zwick*, held that Terrell's claims were subject only to plain-error review. Respondent argues that the Second District's application of its own law concerning the proper standard of review is not cognizable in habeas corpus. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").

In response, Terrell states that his argument is not based on state law grounds, but rather on the Sixth Circuit's decision in *Riley.* He argues that, because of an unanticipated and unforeseeable application of a procedural rule which prevented the state appellate court from reaching the merits of his Fourth Amendment claims, his Fourth Amendment claims are cognizable in habeas corpus. Doc. #17.

In his Second Supplemental Report and Recommendations, Doc. #18, Magistrate Judge Merz agreed with Terrell:

> As a matter of Sixth Circuit precedent, Ohio's mechanism for adjudicating Fourth Amendment claims satisfies *Stone v. Powell* in the abstract. *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982). But

8

> there is a second prong to the *Riley* test: was presentation of the Fourth Amendment claim frustrated by a failure of that mechanism in this case? Whether or not that happened is a question of federal law, not state law.

Doc. #18, PageID#809. Because reasonable jurists could disagree about "whether the Second District's failure to apply *Castagnola* as Petitioner reads it frustrated Terrell's presentation of his Fourth Amendment claims," Magistrate Judge Merz again recommended granting a Certificate of Appealability. *Id.* at PageID#810.

Respondent did not file Objections to the Second Supplemental Report and Recommendations. For the reasons explained by Magistrate Judge Merz, the Court ADOPTS said judicial filing, Doc. #18, and OVERRULES Respondent's Objections to the Supplemental Report and Recommendations, Doc. #14. The Court grants a Certificate of Appealability on the question of whether the Second District's failure to apply *Castagnola* as Petitioner reads it frustrated Terrell's presentation of his Fourth Amendment claims such that they are cognizable in habeas corpus. The Court also grants leave to appeal *in forma pauperis.*

E.

For the reasons stated above, the Court ADOPTS the United States Magistrate Judge's Report and Recommendations (Doc. #9), Supplemental Report and Recommendations (Doc. #13), and Second Supplemental Report and Recommendations (Doc. #18), to the extent that they recommend: (1) dismissing the Petition with prejudice; and (2) granting a Certificate of Appealability and leave to appeal *in forma pauperis.*

9

Petitioner's Objections to said judicial filings (Docs. ##11, 15, 19) are OVERRULED, to the extent that they challenge the recommendation to dismiss the Petition with prejudice. Respondent's Objections to the Supplemental Report and Recommendations (Doc. #14) are OVERRULED, to the extent that they challenge the recommendation to grant a Certificate of Appealability.

The Court DISMISSES WITH PREJUDICE the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. #1).

Judgment shall enter in favor of Respondent and against Petitioner. The Court, however, grants a Certificate of Appealability and leave to appeal *in forma pauperis.*

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: April 28, 2020      /s/ Walter H. Rice (tp - per Judge Rice authorization after his review)
                          WALTER H. RICE
                          UNITED STATES DISTRICT JUDGE